IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMERIFACTORS FINANCIAL GROUP, LLC<br>1170 Celebration Boulevard, Suite 100<br>Celebration, Florida 34747<br><br>     Plaintiff,<br><br> v.<br><br>HOMESTEAD AB CONSTRUCTION, LLC<br>369 East Livingston Avenue<br>Columbus, Ohio 43215<br><br>Serve c/o:<br>David W. Fisher, Statutory Agent<br>207 North Fourth Street<br>Columbus, Ohio 43215<br><br>     Defendant, | Case No. 2:25-cv-192<br><br>Judge _____ |

## COMPLAINT

Plaintiff AmeriFactors Financial Group, LLC ("Plaintiff" or "AmeriFactors"), with an office located at 1170 Celebration Boulevard, Suite 100, Celebration, Florida 34747 by way of Complaint states:

**THE PARTIES**

1. AmeriFactors is a Louisiana limited liability company with an office in Celebration, Florida and owns the invoice at issue in this lawsuit. No members of AmeriFactors are domiciled in the State of Ohio.

2. Defendant Homestead AB Construction, LLC ("Defendant" or "Homestead") is an Ohio limited liability company domiciled in the State of Ohio. Upon information and belief, no members of the limited liability company are domiciled in Louisiana or Florida.

## JURISDICTION AND VENUE

3. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

5. Pursuant to Ohio Revised Code §§ 2307.381-385, Civ. R. 4.3 and the due process clauses of the United States and Ohio constitutions, this Court has personal jurisdiction over Defendant for one or more of the following reasons: Defendant is domiciled in Ohio; Defendant transacted business in Ohio; Defendant purposely availed itself of the privilege of acting and doing business in Ohio; Plaintiff's cause of action arises out of Defendant's activities in Ohio; Defendant regularly does or solicits business and engages in other persistent course of conduct in Ohio; and the exercise of personal jurisdiction over Defendant is reasonable.

6. Venue is proper in the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

7. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

8. On or about December 18, 2023, AmeriFactors entered a factoring agreement (the "Factoring Agreement") with Edwards Painting, Inc. ("Edwards Painting"). A true and accurate copy of the Factoring Agreement is attached as **Exhibit 1**.

9. Thereafter, Edwards Painting and Homestead had business transactions between them. These business transactions resulted in the unpaid invoice for an amount due from Homestead in the amount of $136,934.13 (the "Invoice" or the "Account"). A true and accurate copy of the Application and Certificate for Payment ("Payment Application") is attached as **Exhibit 2**.

10. After these business transactions, on or about June 20, 2024, Edwards Painting sold and assigned to AmeriFactors the Invoice owed by Homestead, which was agreed to and accept by Homestead. A true and accurate copy of the Homestead Acceptance and Acknowledgement of Payment Due ("Homestead Contract") is attached as **Exhibit 3**.

11. Pursuant to the Homestead Acceptance, Homestead admitted that the Payment Application (**Exhibit 2**) was valid, correct, and due and payable in full. **Exhibit 3**.

12. Pursuant to the Homestead Acceptance, Homestead admitted that the all goods, services and work have been received, accepted, satisfactorily completed and/or performed as shown on the Payment Application (**Exhibit 2**). **Exhibit 3**.

13. Pursuant to the Homestead Acceptance, Homestead waived any defenses, deductions and offsets as to payment in full of the Payment Application (**Exhibit 2**) and waived any claims against AmeriFactors relating to the Payment Application. **Exhibit 3**.

14. Pursuant to the Homestead Acceptance, Homestead promised to make payment in full in the amount of $136,934.13 within sixty (60) days. **Exhibit 3**.

15. All conditions precedent for bringing this action have been complied with, waived, or excused.

## COUNT I
## BREACH OF CONTRACT I

16. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

17. On or about June 20, 2024, before purchasing the Invoice from Edwards Painting, AmeriFactors asked Homestead to execute the Homestead Contract in which Homestead agreed to pay the total of the Invoice to AmeriFactors on or before August 19, 2024. **Exhibit 3**.

18. Homestead executed the Homestead Contract on or about June 20, 2024 thereby forming a valid and enforceable contract with AmeriFactors. **Exhibit 3**.

19. Homestead's agreement to enter into the Homestead Contract was material to AmeriFactors and did induce AmeriFactors to facilitate financing of the Payment Application for Edwards Painting. **Exhibit 3**.

20. Upon receipt of the Homestead Contract, AmeriFactors delivered a specific notice of assignment to Homestead confirming that AmeriFactors purchased the Invoice in reliance on the Homestead Contract signed by Homestead. A true and accurate copy of the Notice of Assignment is attached hereto as **Exhibit 4**.

21. Homestead breached the Homestead Contract by failing and refusing to pay the balance due in the amount of $136,934.13.

22. As a direct and proximate result of Homestead's breach, AmeriFactors suffered damages in the principal amount of $136,934.13.

23. Homestead also agreed to pay attorneys' fees and costs in the Homestead Contract. AmeriFactors is obligated to pay its counsel reasonable attorneys' fees incurred in this action, and the Homestead Contract entitles AmeriFactors to recover its fees and costs from Homestead.

24. Due to Homestead's breach of contract, AmeriFactors is entitled to judgment for damages against Homestead in the amount of $136,934.13, plus pre-judgment interest, post-judgment interest, costs, and attorneys' fees.

## COUNT II
## BREACH OF CONTRACT II

25. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

26. Edwards Painting and Homestead entered into a contract whereby Edwards Painting would provide goods or services to Homestead and Homestead would pay for those goods and services.

27. Pursuant to the Factoring Agreement, Edwards Painting assigned all right, title and interest in and to all accounts to AmeriFactors. **Exhibit 1**.

28. Pursuant to the Factoring Agreement, AmeriFactors is entitled to payment of all sums due and owing by Homestead to Edwards Painting.

29. Upon information and belief, Edwards Painting has fully performed all obligations on its contract with Homestead and is entitled to payment for goods and/or services provided.

30. Upon information and belief, Edwards Painting has made demand for payment in full against Homestead, which such demand has not been paid in full by Homestead.

31. Due to Homestead's breach of contract for its failure to pay Edwards Painting, AmeriFactors is entitled to judgment for damages against Homestead in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest, costs, and attorneys' fees.

## COUNT III

## STATEMENT ON ACCOUNT

32. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

33. Before bringing this action, Edwards Painting sold and delivered products or services or both to Homestead.

34. Edwards Painting and Homestead agreed to the resulting balance.

35. AmeriFactors purchased the Invoice, paid Edwards Painting good and valuable consideration, and sent Homestead the Notice of Assignment confirming the purchase. **Exhibit 4**.

36. AmeriFactors, as owner of the Invoice, rendered a statement of account for the resulting balance to Homestead. A true and accurate copy of the Statement of Account is attached hereto as **Exhibit 5**.

37. Homestead owes $136,934.13that is due with interest, for the products or services or both provided by Edwards Painting to Homestead.

38. AmeriFactors now owns Homestead's debt and is entitled to be paid by Homestead.

39. AmeriFactors has demanded payment from Homestead but Homestead has refused to comply with the demand. A true and accurate copy of the Demand for Payment is attached hereto as **Exhibit 6**.

40. AmeriFactors is entitled to judgment for damages against Homestead on its Statement of Account in the amount of $136,934.13, plus pre-judgment interest, post-judgment interest, costs, and attorneys' fees.

## COUNT III
## PROMISSORY ESTOPPEL

41. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

42. On or about June 20, 2024, before AmeriFactors purchased the Invoice from Edwards Painting, Homestead promised:

> (a) the Payment Application is valid, correct, and due and payable in full;
>
> (b) all goods, services and work have been received, accepted, satisfactorily completed and/or performed, as shown on the Payment Application; and
>
> (c) Customer [Homestead] waives any defenses, deductions and offsets as to payment in full of the above Payment Application, and also waives any claims against AmeriFactors (contractual and otherwise) pertaining to the Payment Application.

43. AmeriFactors reasonably relied on these representations and purchased the Invoice from Edwards Painting as a result. Homestead expected or should have reasonably expected AmeriFactors to rely on Homestead's promises.

44. After AmeriFactors purchased the Invoice from Edwards Painting and requested payment from Homestead, Homestead refused to pay and asserted arguments contrary to its promises of June 20, 2024, which promises had reasonably induced AmeriFactors to purchase the Invoice from Edwards Painting.

**WHEREFORE**, AmeriFactors demands judgment for damages against Homestead in the amount of $136,934.13, plus pre-judgment interest, post-judgment interest, costs, and attorneys' fees.

7

Respectfully,

CARLILE PATCHEN & MURPHY LLP

*/s/ Matthew S. Brown*
Matthew S. Brown (0077687), Trial Attorney
950 Goodale Blvd., Suite 200
Columbus, Ohio 43212
Phone:  (614) 228-6135
Fax:  (614) 221-0216
Email: mbrown@cpmlaw.com
*Attorneys for Plaintiff AmeriFactors Financial Group, LLC*